W. B. HUNTINGTON ET AL. v. SARAH PHARR DENNIS AND HER HUSBAND, HAROLD D. DENNIS ET AL.

(Filed 6 June, 1928.)

**Deeds and Conveyances—Construction and Operation—Restrictions.**

> Restrictive covenants in a deed to lots of land, a part of a residential development as to the costs of dwellings thereon, does not obligate the grantee, who erects an apartment house thereon, to make the cost of each apartment not less than the designated amount as to separate dwellings.

APPEAL by defendants from Harding, J., at April Special Term, 1928, of MECKLENBURG. Reversed.

Action to enjoin defendants from erecting on a lot of land owned by defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis, an apartment house, upon the allegation in the complaint that the erection of said house upon said lot will be a violation of restrictive covenants contained in deeds under which said defendants hold title to said lot of land.

From judgment overruling the demurrer of defendants to the complaint, defendants appealed to the Supreme Court.

*John M. Robinson, T. A. Adams and Whitlock, Dockery & Shaw for plaintiffs.*
*Fred B. Helms and Taliaferro & Clarkson for defendants.*

PER CURIAM. Defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis, are the owners of a lot of land situate in "Myers Park," a residential section of the city of Charlotte, N. C. They hold title to said lot of land under deeds containing restrictions pertinent to the decision of the questions involved in this appeal, in words as follows:

"(1) The property shall be used for residential purposes only and shall be occupied and owned by members of the white race only."

"(7) Any residence erected on the property shall cost not less than $7,500 and shall be at least two stories in height above the basement."

The foregoing restrictions are applicable to the lot now owned by defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis. They were first inserted in the deed by which the plaintiff, the Stephens Company, conveyed the said lot, together with other lots to Myers Park Homes Company. Said defendants derive title to the lot now owned by them from the Myers Park Homes Company. Reference is expressly made to said restrictions in the deed by which said lot was conveyed to said defendants, who are now the owners of the same. The said lot is included in and is a part of a tract of land originally owned by the Stephens Company, and subdivided by said company into lots which have all been conveyed for residential purposes, according to a general plan and scheme, in furtherance of the development of said tract of land as a high-class residential section. All of said lots were conveyed by deeds containing restrictions similar to those applicable to the lot now owned by said defendants. Title to said lots is now held by the owners subject to said restrictions. Plaintiff, W. B. Huntington, is now the owner of a lot which is included in and is a part of the same block in Myers Park which includes the lot now owned by defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis. It is expressly provided in the deed from the Stephens Company to Myers Park Homes Company, under which both plaintiff, W. B. Huntington, and said de-

fendants claim title to the lots now owned by them, respectively, that the covenants, conditions and restrictions contained in said deed shall be deemed to run with the land thereby conveyed.

Defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis, as owners of said lot, and their codefendant, Lex Marsh and Lex Marsh Company, as contractors and builders, at the date of the institution of this action, had commenced the erection on said lot of an apartment house. Said house will contain thirty rooms, divided into eight separate apartments or residences, and will cost, when completed, about $28,000.

Plaintiffs allege that the erection of said apartment house on said lot by defendants will be a violation of the restrictions applicable to said lot, for that said property will not be used for residential purposes only, and for that, further, the cost of each of the separate apartments in said house will be less than $7,500, to wit, on an average of about $3,500.

Defendants by their demurrer admitted the facts to be as alleged in the complaint. The facts alleged therein material to a decision of the questions involved in this appeal are as above set out. The Court was of opinion that said facts constitute a cause of action upon which plaintiffs are entitled to the relief prayed for. Judgment was thereupon rendered that the demurrer be and the same was overruled. From this judgment, defendants appealed to this Court.

The restriction that the lot owned by defendants, Sarah Pharr Dennis and her husband, Harold D. Dennis, shall be used for residential purposes only, will not be violated by the erection on said lot of an apartment house as described in the complaint. Said apartment house, when erected on said lot, will be used for residential purposes only. It does not appear that it will be used, or is designed for use for any other purpose. Under *Delaney v. VanNess,* 193 N. C., 721, no cause of action is alleged in the complaint founded upon a violation of the restriction applicable to the lot owned by said defendants with respect to the use of said lot.

In *Bailey v. Jackson,* 191 N. C., 61, it was held that an apartment house is not a residence in contemplation of a restrictive covenant not to build more than one residence on a certain lot. In reference to the present controversy it is contended that each apartment of the proposed apartment house will constitute a separate residence; that the cost of each residence will be less than $7,500, to wit, on an average about $3,500; and that in this way the covenant set out in section (7), *supra,* will be violated. We are of opinion, however, that the manifest purpose of this section is to prevent the erection of a building which shall cost not less than $7,500, and not to require that each apartment shall cost at least this amount, thereby making the total cost of the building not less than $60,000. Judgment

Reversed.